**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 28, 2026

By ECF
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Bernal Morales v. Joyce, et al.*, No. 26 Civ. 6723 (PAE)

Dear Judge Engelmayer:

This Office represents the Respondents in this habeas corpus action, in which petitioner Crhistian Bernal Morales ("Petitioner") challenged his detention by U.S. Immigration and Customs Enforcement. This Court granted the habeas petition on August 20, 2026 (ECF No. 20). The Court's August 20 Order directed the parties to file a joint letter on the question of attorneys' fees under the Equal Access to Justice Act ("EAJA"). I write to respectfully request that the Court stay any briefing on attorneys' fees until after the Supreme Court's decision in *Palacios v. Liggins,* No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026). Plaintiff's counsel, Jennifer Oltarsh, is aware of the request, does not oppose it and has reviewed this letter.

On June 29, 2026, the Supreme Court granted certiorari in *Palacios*. The question presented is whether the EAJA's provision awarding attorney's fees to certain prevailing parties in "any civil action," 28 U.S.C. § 2412(d)(1)(A), encompasses petitioners in habeas petitions challenging civil immigration detention. Should the Supreme Court decide that habeas petitions are not "civil actions" for EAJA purposes, it would be entirely dispositive of the pending motion.

In light of the pending decision in *Palacios*, a stay is appropriate in this case. A stay serves the interest of judicial economy. Courts in this District "routinely stay[] cases when a higher court is close to settling an important issue of law bearing on the action." *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22 Civ. 3256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (internal quotation marks omitted). Three courts in this District have recently stayed EAJA fee motions just like this one.[1] *See Martinez v. Joyce*, No. 25 Civ. 10376 (GBD)(BCM), 2026 WL 2059788, at *1 (S.D.N.Y. July 16, 2026) (staying EAJA fee motion because "*Palacios* could be dispositive of the fee motion in this action"); *Salgado v. Francis*, No. 25 Civ. 6524 (VEC) at ECF No. 62 (S.D.N.Y. July 23, 2026) (staying petitioner's anticipated EAJA motion in immigration habeas action because *Palacios* "could be dispositive of the fee motion in this case" and "courts regularly grant a stay where . . . an appeal in a related case will resolve (or at least greatly simplify)

[1] *But see Ahmadi v. Francis*, No. 26 Civ. 154 (ALC) at ECF No. 31 (denying request to stay briefing on motion for attorney's fees under the EAJA pending the decision in *Palacios*); *Rueda Torres v. Francis, et al.*, No. 25 Civ. 8408 (DEH) at ECF No. 44 (same).

the issues in the stayed case"): *Montalban v. Genalo*, 26 Civ. 1808 (ER) at ECF No. 49 (S.D.N.Y. July 30, 2026) (same).

Petitioner's motion seeks monetary relief for his counsel, not any injunctive or equitable relief for Petitioner. Petitioner has already been released from ICE custody. *See* ECF No. 22. Therefore, the Respondents believe that a stay of Petitioner's attorney's EAJA fee motion would impose no cognizable hardship on Petitioner.

Petitioner's counsel has advised that the attorney's fees would amount to slightly more than $11,500.00 and wishes to preserve the right to fees pursuant to EAJA, but agrees that a brief stay during consideration of *Palacios* would not substantially injure Petitioner's valid interest.

For these reasons, the Respondents respectfully ask the Court to stay briefing on any EAJA motion until the Supreme Court decides *Palacios*. The Respondents further propose that the Court direct the parties to submit a joint letter within seven days of the Supreme Court's decision, addressing its effect on a fee motion. Counsel for Petitioner consents to this request.

We thank the Court for its consideration of this letter.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: * /s/ Jonaki M. Singh*
JONAKI M. SINGH
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2785
E-mail: jonaki.singh@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)

Because the question presented in *Palacios*—whether the EAJA's "any civil action" language, 28 U.S.C. § 2412(d)(1)(A), encompasses an action seeking a writ of habeas corpus to challenge civil immigration detention—could be dispositive of the fee motion in this action, and because "[c]ourts regularly stay cases where an appeal in a related case will resolve (or at least greatly simplify) the issues in the stayed case," *In re Zimmer*, 2021 WL 5963392, at *4 (S.D.N.Y. Dec. 16, 2021), the unopposed motion to stay briefing on any EAJA motion pending the Supreme Court's decision in *Palacios* is GRANTED.

The parties are to submit a joint letter within seven days of the Supreme Court's decision, addressing its effect on a fee motion.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Date: August 31, 2026
New York, New York